Not for Publication                                                                     Closed

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CLAUDE CURRY, | |
| *Plaintiff*, | Civ. Docket No. 06-802 (FSH) |
| v. | **OPINION & ORDER** |
| UNITED STATES POSTAL SERVICE, UNITED STATES OF AMERICA, JOHN DOE/JANE DOE, ABC COMPANY AND XYZ COMPANY, | May 17, 2007 |
| *Defendants*. | |

This matter having come before the Court upon the government's Motion to Dismiss (or, in the alternative, Motion for Summary Judgment) pursuant Fed. R. Civ. P. 12(b)(1) and 12(b)(6), on the grounds that Plaintiff's claims are barred due to Plaintiff's failure to comply with the procedural requirements of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. ("FTCA"); and this Court having reviewed the parties' written submissions pursuant to Fed. R. Civ. P. 78; and

it appearing that Plaintiff Claude Curry ("Plaintiff") filed an administrative claim pursuant to the FTCA with the United States Postal Service ("USPS") directly following the incident;[1] and

it appearing that the USPS informed Plaintiff of its decision to deny this claim in a letter

---

[1] Plaintiff, an employee of a trucking concern, was making a delivery at the United States Post Office in Teterboro, New Jersey, on December 6, 2003, when he slipped and fell down a flight of snow-covered stairs. Plaintiff sustained injuries as a result of the fall, which formed the basis of his claim.

sent on February 24, 2004;[2] and

   it appearing that the letter specifically stated that Plaintiff had six months from the date of the letter to file suit in the matter or, in the alternative, submit a written request for reconsideration of the decision; and

   it appearing that Plaintiff neither filed a written request for reconsideration of the claim nor brought suit based upon the claim within six months of February 24, 2004; and

   it appearing that Plaintiff's employer's workers' compensation carrier, the Liberty Mutual Insurance Company ("Liberty Mutual"), filed a second claim with the USPS on February 1, 2005, which was denied by the Postal Service on February 14, 2005; and

   it appearing that Liberty Mutual sought reconsideration of the February 14, 2005 denial on August 12, 2005, and that the application for reconsideration of the second claim was also denied by the USPS, on September 12, 2005; and

   it appearing that Plaintiff filed suit against the USPS and the federal government pursuant to the FTCA on February 22, 2006, almost two years after receiving the February 24, 2004 letter indicating the USPS had denied his initial claim; and

   it appearing that the purpose of the FTCA is to provide for a limited waiver of sovereign immunity for tort suits brought against the federal government, see United States v. Kubrick, 444 U.S. 111 (1979); and

   it appearing that courts have strictly construed the procedural requirements of the Act, see Commonwealth of Pennsylvania v. National Association of Flood Insurers, 520 F.2d 11, 19-20

---

[2]The government has provided certified mail receipts to demonstrate that Plaintiff's attorney received the letter on February 27, 2004.

(3d Cir. 1975), <u>overruled on other grounds</u>, 659 F.2d 306 (3d. Cir. 1981) ("Although the purpose of the Federal Tort Claims Acts is essentially remedial, the procedures established pursuant to the Act nonetheless have been strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity."); <u>accord</u> <u>Bialowas v. United States</u>, 443 F.2d 1047 (3d Cir. 1971); <u>Flickinger v. United States</u>, 523 F. Supp. 1372, 1375 (E.D. Pa. 1981); and

it appearing that jurisdiction for a suit brought pursuant to the FTCA is governed by 28 U.S.C. § 1346, which states that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States for money damages", <u>see</u> 28 U.S.C. § 1346(b); and

it appearing that this requirement is further clarified in 28 U.S.C. § 2679, which states that a person bringing an FTCA suit must sue the United States, and not the federal agency whose employees were allegedly negligent, <u>see</u> 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title ..."); <u>see also</u> <u>Galvin v. Occupational Safety & Health Admin.</u>, 860 F.2d 181, 183 (5th Cir. 1988); <u>Dilg v. United States Postal Service</u>, 635 F. Supp 406, 407 (D.N.J. 1982); and

it appearing that Plaintiff here has improperly named the USPS as a defendant; and

it appearing that the FTCA further provides that a civil action <u>must</u> be brought within six months of the denial of an administrative claim, <u>see</u> 28 U.S.C. § 2401(b) ("a tort claim against the United States shall be forever barred unless ... action is begun within six months after the date of mailing by certified or registered mail of notice of the final denial of the claim by the agency to which it is presented"); <u>see also</u> <u>Pascale v. United States</u>, 998 F.2d 186, 190 (3d Cir.1993); <u>Bialowas v. United States</u>, 443 F.2d 1047, 1049 (3d Cir. 1971); and

it appearing that neither Plaintiff nor Liberty Mutual can use the filing of a second claim as an end-run around the requirements of 28 U.S.C. § 2401(b), which were triggered by the filing of the first claim and exhausted six months after the issuance of the February 24, 2004 letter, see <u>Willis v. United States</u>, 719 F.2d 608, 613 (2d Cir. 1983) (finding "little force in the contention that plaintiffs could escape the consequences of their failure to bring suit within six months of the denial of their claims by filing new claims within the allowable two year period," as "the bar cannot be avoided by starting all over again."); <u>Mentis v. United States Postal Service</u>, 547 F.Supp. 164, 165 (W.D.N.Y. 1982) (holding that an insurance carrier's suit pursuant to the FTCA was time-barred despite the fact that the insurance carrier's suit was filed within six months of the denial of its claim, as the insured had filed an <u>earlier</u> claim and the six-month period for filing suit based on that earlier claim had elapsed long before the insurance carrier filed its suit); and

it appearing that the Plaintiff has failed to present any other circumstances which would toll the six-month requirement, and understanding that the Third Circuit has, in any event, acknowledged that no such circumstances exist, see <u>Peterson v. United States</u>, 694 F.2d 943, 944-45 (3d Cir. 1982) ("an injured person must comply with the applicable terms of and conditions prescribed by Congress [in the FTCA], including strict observance of the limitations period, which cannot be extended by equitable tolling considerations");

**IT IS**, on this 17th of May, 2007, hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED** and that this case is closed.

      /s/ Faith S. Hochberg  
      Hon. Faith S. Hochberg, U.S.D.J.